**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JANE DOE #1, an individual; JANE DOE #2, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br>        Defendants. | CASE NO. 2:25-cv-01797-JHC<br><br>**STIPULATED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER & ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 9, 2026** |

The parties jointly move for entry of a stipulated protective order. The parties, through their respective counsel of record, stipulate to the entry of a protective order that includes the following provisions:

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 1

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    DEFINITIONS

2.1    Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.2    Discovery Material: All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3    Party: Any party to this action, including all its officers, directors, employees, consultants, vendors, retained Experts, and Counsel (and their support staff).

2.4    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.5    Producing Party: A Party or Non-Party that produces Discovery Material in this action.

2.6    Receiving Party: A Party that receives Discovery Material from a Producing Party.

2.7    Designating Party: A Party, Non-Party, person, or entity designating documents or information as Protected Material under this Order.

2.8    Challenging Party: A Party or Non-Party that challenges the designation of

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 2

information or items under this order.

2.9    Counsel: Attorneys (and their support staff) who are retained to represent or advise a Party to this action or are affiliated with a law firm that has appeared on behalf of that Party in this action.

2.10    Expert: A person with specialized knowledge or experience in an area relevant to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.    PROTECTED MATERIAL

3.1    "Confidential" material means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law, including but not limited to Plaintiff's medical records, employment records, education records, and any records containing personal identifying information.

3.2    "Highly Confidential – Attorneys' Eyes Only" means any information which is in the possession of a Designating Party who believes in good faith that such information contains especially sensitive, non-public information, the disclosure of which is likely to cause substantial harm to the Designating Party or to third parties if disclosed beyond the limited group of persons permitted below.

4.    SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, and/or Experts that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 3

5.      ACCESS TO AND USE OF PROTECTED MATERIAL

5.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any confidential material only to:

(a)      the Receiving Party and, if applicable, officers, directors, and employees (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(b)      the Receiving Party's Counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation and the Church's Utah counsel at Kirton McConkie;

(c)      Experts, consultants, investigators, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      any mediator or settlement officer, including their supporting personnel and staff, mutually agreed upon by the parties in furtherance of any potential settlement discussions and negotiations;

(e)      the court, court personnel, and court reporters and their staff;

(f)      copy, imaging, document management, and electronic discovery services retained by Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 4

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Provided, however, that the right of a Party to take the deposition of a witness shall not be limited by a witness' refusal to sign Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(a)     the Receiving Party's Counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation and the Church's Utah counsel at Kirton McConkie;

(b)     Experts and consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court, court personnel, and court reporters and their staff;

(d)     copy, imaging, document management, and electronic discovery services retained by Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Provided, however, that the right of a Party to take the deposition of a witness shall not be limited by a

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 5

witness' refusal to sign Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential – Attorneys' Eyes Only Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    professional jury or trial consultants and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(h)    any mediator who is assigned to this matter, and their staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

5.4    Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific confidential information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the court's files.

5.5    Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 6

or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the court.

6.      DESIGNATING PROTECTED MATERIAL

6.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2      Manner and Timing of Designations. Except as provided in Section 6.2 below, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)      Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Deposition testimony so designated shall be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, unless otherwise agreed, by this Order until 30 days after delivery of the transcript by the court reporter to any Party or the witness. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, serve a Notice of Designation to all Parties of record designating specific portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and, for each page, the level of protection being asserted by the Designating Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or Highly Confidential – Attorneys' Eyes Only Material must be separately bound by the court reporter. The Designating Party shall inform the court reporter of these requirements. The failure to timely serve a Notice of Designation waives any designation of deposition testimony as confidential that was made on the record of the deposition, unless otherwise ordered by the Court or timely corrected. If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a

portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of Protected Material at any time. The Challenging Party must identify the challenged material(s) by Bates number. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The Parties must make a good faith effort to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action, and that they have identified the material(s) at issue by Bates number. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 9

persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)    If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" absent a court order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures,

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 10

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product, even if such materials contain Protected Material. Moreover, to the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of Counsel, e.g., materials included in system backups or archives, the Receiving Party agrees to maintain the confidentiality of such Protected Material consistent with the terms of this Order, following the termination of this action.

Attorney work product (e.g., drafts of pleadings, internal memos, and email communications) is exempt from the obligation to destroy, to the extent it is in the possession of Counsel, even if such materials contain Protected Material. The Parties agree that attorney emails

are considered attorney work product for the purposes of this Order and that the Parties' Counsel of record, and their paralegals and other support business professionals may retain such correspondence, consistent with the terms of this Order, following the termination of this action.

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

12.    RETENTION OF JURISDICTION

The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive the termination of this action, to the extent that information contained in documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not or does not become known to the public.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  March 9, 2026

*/s/ Denise Chen*
**PFAU COCHRAN VERTETIS AMALA PLLC**
Michael T. Pfau, WSBA No. 24649
michael@pcvalaw.com
Vincent T. Nappo, WSBA No. 44191
vnappo@pcvalaw.com
Denise Chen, WSBA No. 59906
dchen@pcvalaw.com

*Attorney for Plaintiffs Jane Doe #1 and Jane Doe #2*


DATED:  March 9, 2026

*/s/ Meeghan Dooley*
**PERKINS COIE LLP**
Harry H. Schneider, Jr., Bar No. 9404
hschneider@perkinscoie.com
Meeghan Dooley, Bar No. 61735
mdooley@perkinscoie.com

*Attorneys for Defendants*

DATED:  March 9, 2026

*/s/ Michael Rosenberger*
**GORDON TILDEN THOMAS & CORDELL LLP**
Michael Rosenberger, Bar No. 17730
mrosenberger@gordontilden.com
John D. Cadagan, Bar No. 47996
jcadagan@gordontilden.com
Katherine S. Wan, Bar No. 58647
kwan@gordontilden.com

*Attorneys for Defendants*

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC  - 13

185754312.1

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: March 10, 2026.


_____
JOHN H. CHUN
United States District Judge

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC - 14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of Jane Doe et al v. The Church of Jesus Christ of Latter-day Saints et al, Case No. 2:25-cv-01797-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
2:25-CV-01797-JHC  - 15

185754312.1